**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NIMA GHARAVI and RIGHT CALL
OFFICIALS, INC.,

　　　　　　　　Plaintiffs,

　　　v.

DAVID J. ELI,

　　　　　　　　Defendant.

Case No. 26-cv-07209

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Nima Gharavi ("Nima") and Right Call Officials, Inc. ("RCO") (together, "Plaintiffs") hereby bring the present action against Defendant David J. Eli ("Defendant"), and allege as follows:

**I.　JURISDICTION AND VENUE**

1.　The Court has original subject matter jurisdiction over the copyright claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.　The Court has supplemental jurisdiction over the defamation claims pursuant to 28 U.S.C. § 1367(a).

2.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a).

3.　The Court may properly exercise personal jurisdiction over Defendant since Defendant is domiciled in Illinois and is subject to general personal jurisdiction in this forum.　The Court may also properly exercise personal jurisdiction over Defendant since Defendant directed tortious conduct expressly aimed at Plaintiffs, an Illinois resident and an Illinois corporation, that caused substantial and irreparable harm to Plaintiffs.　Specifically, Defendant, an Illinois resident,

posted a series of defamatory statements and accusations on his social media account, many of which also infringed Nima's federally registered copyrights, which caused Plaintiffs substantial reputational and business harm in the State of Illinois.

## II.   INTRODUCTION

4.      This is an action for defamation and federal copyright infringement arising from a series of defamatory and infringing social media posts made by Defendant between June 20, 2025, and October 13, 2025.  Using at least two X (formerly Twitter) accounts, and potentially more social media accounts unknown to Plaintiffs, Defendant published malicious and false statements accusing Plaintiffs of, among other things, being a pedophile and taking and doctoring photographs and videos of minors with predatory intent.  Many of these social media posts also included unauthorized copies, displays, reproductions, and/or derivative works incorporating Nima's federally registered copyrighted works.  Defendant's actions caused substantial financial and reputational damage to Plaintiffs, significant harm to Plaintiffs' officiating and media content business, and debased Nima's copyrighted works.

## III.   THE PARTIES

**The Plaintiffs**

5.      Plaintiff Nima Gharavi is an individual domiciled in Chicago, Illinois.

6.      Plaintiff Right Call Officials, Inc. ("RCO") is an Illinois S corporation with its principal place of business in Chicago, Illinois.  Nima conducts his wrestling officiating and media operations through RCO, which includes the commercial operation of the Midwest Wrestle YouTube channel, youtube.com/MidwestWrestle, and Midwest Wrestle social media accounts.

7.      Since 2016, Nima has officiated hundreds of wrestling matches across the United States, including in Illinois.  Nima is a registered wrestling official with the National Collegiate

Athletic Association, the Illinois High School Association, the Illinois Elementary School Association, USA Wrestling, and other wrestling organizations.

8. In an April 2022 published interview in the Illinois High School Association newsletter, Nima stated he officiates wrestling matches "out of a combination of passion for the sport and its participants. Wrestling is special in that it is one of the only sports where your successes and your failures are your own and no one else's —and that attracts a uniquely inspiring caliber of individual." A true and correct copy of the April 2022 newsletter is attached hereto as **Exhibit 1**.

9. In his early days of officiating, Nima would regularly attend local and regional wrestling matches hosted by high schools, colleges, and universities across the United States and record matches he attended. The purpose of recording these matches was to build a database of videos for continuing education of wrestling officiating. These recorded matches were originally only seen by other wrestling officials.

10. After officiating wrestling matches for several years, Nima observed a demand from spectators for high-quality videos and photographs of wrestling matches for college recruitment, promoting awareness of the sport, improving the quality of officiating, and sentimental value, particularly among parents and families of the competitors. To provide higher-quality videos and photographs of wrestling matches, Nima uses top-tier, movie-studio quality cameras and spends a significant amount of time editing his recorded content.

11. Beginning in 2018, Nima began posting videos and photographs of wrestling matches on the Midwest Wrestle YouTube channel and Midwest Wrestle's social media accounts. At all relevant times, Nima was given permission or media credentials to film and photograph these wrestling matches.

3

12. The Midwest Wrestle YouTube channel, officially launched on November 22, 2018, has a substantial following. As of June 12, 2026, the channel has 184,000 subscribers and 138,999,990 views. The Midwest Wrestle social media pages include an Instagram account, @midwestwrestle, a TikTok account, @Midwest_Wrestle, a Facebook page, facebook.com/midwestwrestle, and an X (formerly Twitter) account, @Midwest_Wrestle. The Midwest Wrestle social media pages have a substantial following, as well.

13. Nima is the author and sole copyright owner of all original video content and photographs published on the Midwest Wrestle YouTube channel and Midwest Wrestle social media accounts, many of which are registered before the U.S. Copyright Office. Nima is the owner of several federally registered copyrighted works (the "Copyrighted Works") which include, but are not limited to, the copyrighted works listed in the below chart.

| Title | Registration No. |
|---|---|
| Millikin University - Almost Friday | VA 2-486-833 |
| ████████████████ vs. ███ ███████████ | PAu 4-266-023 |
| ████████████████████ vs. ███ █████ | PAu 4-266-050 |
| ████████████ vs. ████ ███ | PAu 4-266-050 |
| █████████████ vs. ██████ ████████ | PAu 4-266-016 |
| ███████████████ vs. ███ ████████ | PAu 4-266-016 |
| ██████████████ vs. | PAu 4-281-814 |
| ██████████████ vs. | VA 2-504-863 |

14. A true and correct copy of the copyright registration certificates and deposit materials, or excerpts of the deposit materials, for the Copyrighted Works are attached hereto as **Exhibit 2**.

4

15. Among the exclusive rights granted to Nima under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Copyrighted Works to the public. At all relevant times, Nima has been and still is the owner of all rights, title, and interest in the Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendant.

**The Defendant**

16. Upon information and belief, Defendant David J. Eli is an individual domiciled at 553 West Wellington Avenue, Apartment 3N, Chicago, Illinois 60657. Defendant posts on the social media platform X (formerly Twitter) under the handles @POTUS_Wrestling and @WellHungFerrari, which is accessed by users across the United States, including in Illinois.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

17. Upon information and belief, Defendant, using at least two X accounts (@POTUS_Wrestling and @WellHungFerrari) publicly posted numerous defamatory and inflammatory accusations aimed at Nima over the Internet. Upon information and belief, there are potentially more social media accounts used by Defendant that are unknown to Plaintiffs.

18. Many of these social media posts identified Nima by his full legal name, tagged the Midwest Wrestle X account,[1] and included unauthorized copies, displays, reproductions, and/or derivative works incorporating Nima's copyrighted works, including the Copyrighted Works. True and correct copies of a sampling of Defendant's social media posts are attached as **Exhibits 3-6**.

19. Upon information and belief, Defendant's defamatory and inflammatory accusations made about Nima include, but are not limited to:

---

[1] In some posts, Defendant tagged @Midwestwrestle instead of @Midwest_Wrestle, which Defendant later corrected in replies or reposts. *See, e.g.*, **Exhibit 3** at 2.

a) Calling Nima "a pedophile," "a pedo," or an individual engaged in "pedophilic acts,"

b) Calling Nima "a pervert" and "a creep",

c) Accusing Nima of "encouraging the sexualization of kids,"

d) Accusing Nima of "trying to fuck kids," and

e) Accusing Nima of publishing photos and videos of minors "with their parts accentuated."

20. In one exemplary post, reproduced below, Defendant posted: "Goodmorning [sic] and fuck @Midwestwrestle who is a pedophile. Cam Kramer (Iowa) and Nima Gharavi (Illinois / Midwest Wrestle) are both creeps!" **Exhibit 3**. As shown below, the post identified Nima by his full name, tagged[2] the Midwest Wrestle X account, and included unauthorized reproductions of several of Nima's copyrighted works, including a federally registered work from the VA 2-486-833 registration, which is a photo that includes Nima. As shown below, this post reached at least 17,000 views online.

---

[2] The main post tagged @Midwestwrestle instead of @Midwest_Wrestle, Defendant replied to the main post identifying the correct account @Midwest_Wrestle. **Exhibit 3** at 2.

| Post 1 |
| --- |



| "Millikin University - Almost Friday" - Copyright Reg. No. VA 2-486-833 |
| --- |



21.     Many of Defendant's X posts demonstrate that Defendant is aware that other members of the wrestling community have been sued by Plaintiffs for publishing similar, if not the same, defamatory accusations Defendant is posting online, and that at least some of these members issued apologies or retracted some or all of their statements.

22.     In one exemplary post, Defendant called another X user, "Rhino," a "fucking pussy who apologized to a pedophile and creep. Several (multiple) media members STOOD ON BUSINESS and told @Midwest_Wrestle to kick rocks with his lawsuit (RHINO DID NOT). [Nima] is a creep and you saying sorry is softer than baby shit." **Exhibit 5**.

23.     Defendant has published unauthorized copies, displays, reproductions, and/or derivative works incorporating Nima's copyrighted works, including the Copyrighted Works, over the Internet.

24.     Nima's Copyrighted Works have never been assigned, licensed, or otherwise transferred to Defendant.

25.     Nima is not a pedophile, does not engage in immoral or dangerous conduct, does not pose a danger to the wrestling community, and has never doctored photographs or videos of minors to accentuate their genitals.

26.     Defendant has knowledge that other members of the wrestling community have apologized for making or retracted similar defamatory accusations aimed at Nima.

27.     Defendant knew or should have known of Nima's reputation in the wrestling community, and that he enters into business relationships with third-parties based on his reputation and the success of the Midwest Wrestle YouTube channel and social media pages.

28.     Upon information and belief, Defendant has no evidence that Nima is a pedophile.

29.     Upon information and belief, Defendant has no evidence that Nima doctors his photographs or videos to emphasize the wrestlers' genitals.

30.     Upon information and belief, Defendant has conducted no reasonable investigation into his claims that Nima is a pedophile or doctors his photographs or videos to emphasize the wrestlers' genitals.

31.     Defendant's social media posts were not privileged and were published by Defendant with malice, hatred, and ill will towards Plaintiffs and a desire to injure them.

32.     As a result of Defendant's unlawful conduct, Plaintiffs have suffered diminished future prospects for officiating, recording, endorsement, and sponsorship opportunities for wrestling matches.

33.     As a result of Defendant's unlawful conduct, Plaintiffs have suffered and continue to suffer severe reputational harm in their peer community and professional community.

34.     As a result of Defendant's unlawful conduct, Plaintiffs have been exposed to public hatred, contempt, ridicule, harassment, and/or threats of physical harm causing severe and extreme injury to Nima's emotional, physical, and social wellbeing both now and in the future.

35.     Defendant's unauthorized use of the Copyrighted Works in connection with his defamatory and inflammatory accusations has debased the Copyrighted Works.

**COUNT I**
**DEFAMATION PER SE**

36.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

37.     Defendant, without privilege or permission, published false statements about Plaintiffs to members of the wresting community and in his social media posts.

9

38.     Defendant made these statements with knowledge of their falsity or in reckless disregard as to whether the statements were true or false and to intentionally injure Plaintiffs without just cause or excuse.

39.     Defendant acted with actual malice when he made the statements about Plaintiffs and encouraged others to repeat the statements.

40.     Defendant's statements impute the inability of Nima to perform the discharge of his duties as a wrestling official, photographer, and video producer, and prejudice Nima in his profession or business and malign him in his business.

41.     Defendant's statements accuse and/or impute that Nima is sexually attracted to children, committed criminal offenses, including child sexual abuse, and that Nima publishes photographs or videos of minors with predatory intent.

42.     Defendant's statements caused damage to Plaintiffs' reputation in that Defendant told the wrestling industry, the online community at large, as well as current and potential consumers of Plaintiffs' YouTube channel, that Nima is a sexual predator and/or engages in pedophilia or other lewd behavior.

43.     As a result of Defendant's unlawful conduct, Plaintiffs have suffered severe character and reputational injuries in the wrestling community, as well as diminished future prospects for officiating, recording, endorsement, and sponsorship opportunities for wrestling matches.

**COUNT II**
**DEFAMATION PER QUOD**
*In the Alternative to Count I*

44.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

45. Defendant, without privilege or permission, published false statements about Plaintiffs to members of the wresting community and in his social media posts.

46. Defendant made these statements with knowledge of their falsity or in reckless disregard as to whether such statements were true or false and to intentionally injure Plaintiffs without just cause or excuse.

47. Defendant acted with actual malice when he made the statements about Plaintiffs and encouraged others to repeat the statements.

48. Defendant's statements impute the inability of Nima to perform the discharge of his duties as a wrestling official, photographer, and video producer, and prejudice Nima in his profession or business and malign him in his business.

49. Defendant's statements caused damage to Plaintiffs' reputation in that Defendant told the wrestling industry, the online community at large, as well as current and potential consumers of Plaintiffs' YouTube channel, that Nima is a sexual predator and/or engages in pedophilia or other lewd behavior.

50. As a result of Defendant's unlawful conduct, Plaintiffs have suffered severe character and reputational injuries in the wrestling community, as well as diminished future prospects for officiating, recording, endorsement, and sponsorship opportunities for wrestling matches.

**COUNT III**
**COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT**
**REGISTRATIONS (17 U.S.C. §§ 106 AND 501)**

51. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

52. The Copyrighted Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

53. The Copyrighted Works were registered in accordance with the requirements of 17 U.S.C. § 411(a). The Copyrighted Works are protected by U.S. Copyright Registrations VA 2-486-833, PAu 4-266-023, PAu 4-266-050, PAu 4-266-016, PAu 4-281-814, VA 2-504-863, duly issued to Nima Gharavi. **Exhibit 2**. At all relevant times, Nima has been and still is the owner of all rights, title, and interest in the Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendant.

54. The Copyrighted Works are published on the internet and available to Defendant online. As such, Defendant had access to the Copyrighted Works via the internet.

55. Without authorization from Plaintiffs, or any right under the law, Defendant deliberately copied, displayed, distributed, reproduced and/or made derivative works incorporating the Copyrighted Works on his social media account in connection with his false and defamatory statements. Defendant's derivative works are virtually identical to and/or are substantially similar to the look and feel of the Copyrighted Works. Such conduct infringes and continues to infringe the Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

56. Each social media post that includes an unauthorized copy, display, reproduction, and/or derivative work incorporating the Copyrighted Works, and each repost of said social media post, is a separate claim for copyright infringement in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

57. On information and belief, Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Nima's rights in the Copyrighted Works.

12

58.     Defendant, by his actions, has damaged Plaintiffs in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1) Entry of an Order that Defendant be permanently enjoined and restrained from:

   a.   publishing false statements about Plaintiffs;

   b.   reproducing, distributing copies of, making derivative works of, or publicly displaying the Copyrighted Works in any manner without the express authorization of Plaintiffs; and

   c.   further infringing the Copyrighted Works and damaging Plaintiffs' goodwill.

2) As a direct and proximate result of Defendant's defamatory statements and accusations, Plaintiffs are awarded damages in an amount to be determined at trial, but estimated to be well in excess of $100,000;

3) As a direct and proximate result of Defendant's defamatory statements and accusations, Plaintiffs are awarded punitive damages in an amount to be determined at trial;

4) As a direct and proximate result of Defendant's infringement of the Copyrighted Works, Plaintiffs are entitled to damages as well as Defendant's profits, pursuant to 17 U.S.C. § 504(b);

5) Alternatively, and at Plaintiffs' election prior to any final judgment being entered, Plaintiffs are entitled to the maximum amount of statutory damages provided by law, $150,000 per each infringement, pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

6) That Plaintiffs be awarded their reasonable attorneys' fees and costs for bringing this action pursuant to 17 U.S.C. § 505; and

7) Award any and all other relief that this Court deems just and proper.

Dated this 18th day of June 2026.  Respectfully submitted,

/s/ Jennifer V. Nacht
Amy C. Ziegler
Allyson Martin
Jennifer V. Nacht
Justin T. Joseph
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
amartin@gbc.law
jnacht@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiffs*
*Nima Gharavi and Right Call Officials, Inc.*

14