IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIMA GHARAVI AND RIGHT CALL, OFFICIALS, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:26-cv-7209 |
| DAVID J. ELI, | ) | Hon. Andrea R. Wood |
| Defendant. | ) | |

---

DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

---

COMES NOW Defendant David J. Eli, by and through counsel, and in support of his motion to dismiss Counts I and II of Plaintiffs' Complaint as to Plaintiff Right Call Officials, Inc., Count II of Plaintiffs' Complaint as to Plaintiffs Nima Gharavi and Right Call Officials, Inc., and Plaintiffs' demands for statutory damages for copyright infringement as pleaded in Count III of Plainitffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), shows the Court as follows:

STATEMENT OF FACTS

Plaintiff's Complaint identifies two plaintiffs, Gharavi and Right Call Officials, Inc. ("RCO"), a corporation Gharavi apparently operates. It is comprised of three counts: defamation per se (Count I), defamation per quod in the alternative (Count II), and copyright infringement (Count III). Compl. ¶¶ 36–58 (ECF No. 1). It alleges that Eli controlled two X accounts and posted accusations about Gharavi, including that he was a "pedophile," as well as photographs or video imagery allegedly belonging to Gharavi. Id.

¶¶ 16–20, 23. The posts themselves are incorporated into the pleading. See Compl. ¶ 18 & Exs. 3–6 (ECF Nos. 1-3–1-6).

The pleaded distinction between Plaintiffs is significant. Gharavi is identified by name in posts, while RCO is described as the company through which Gharavi operates his media and officiating business. Compl. ¶¶ 5–6, 18–20. The Complaint alleges that *Gharavi*, not RCO, authored and owns the identified copyrights. Id. ¶¶ 13–15, 53. A post mentioning "Midwest Wrestle" could conceivably concern a business, but the complaint must still identify a false factual assertion *about RCO* and a legally cognizable injury to that plaintiff, rather than treating statements about "Midwest Wrestle" as automatically defamatory of his RCO.

The copyright registration dates also matter. Exhibit 2 to Plaintiff's Complaint shows registration VA 2-486-833 effective January 6, 2026 for two photographs first published between November 10 and December 1, 2024; registrations PAu 4-266-023, PAu 4-266-050, and PAu 4-266-016 effective May 23, 2025; registration PAu 4-281-814 effective August 4, 2025; and registration VA 2-504-863 effective March 5, 2026 for a photograph first published September 10, 2025. Compl. Ex. 2 (ECF No. 1-2 at 2–3, 5–6, 8–9, 12–13, 16–17, 19). The posts complained of by Plaintiffs span June 20 to October 13, 2025. Compl. ¶ 4.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). The purpose of a motion to dismiss

is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiff. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

ARGUMENT

I. RCO has not pleaded a distinct actionable defamatory statement about itself.

Illinois requires a false, unprivileged statement *about the plaintiff*, publication, and resulting injury. Defamation *per se* additionally requires a qualifying category and must be assessed in context. *Soloway v. ALM Global, LLC*, No. 24-3104, slip op. at 13–14, 21 (7th Cir. Aug. 18, 2026). The posts that supply the Complaint's concrete accusations explicitly name Gharavi or identify the person running Midwest Wrestle. Compl. ¶¶ 19–20, Ex. 3 (ECF No. 1-3 at 3, 22, 29); Ex. 5 (ECF No. 1-5 at 15); Ex. 6 (ECF No. 1-6 at 5). The allegations that RCO conducts commercial operations and that some posts tag a Midwest Wrestle account do not, without more, identify a false factual assertion regarding *RCO itself*. Compl. ¶¶ 6, 18, 37, 45.

The allegation that a post calls "@Midwestwrestle" a pedophile creates an identification question. A corporation cannot literally have the personal trait or commit the personal sexual acts alleged. The Complaint must explain why these words reasonably assert a defamatory fact *of the corporation*, rather than simply identifying the account associated with Gharavi.

RCO cannot establish its independent defamation claim merely by alleging that criticism of its owner harmed its business. The Court should dismiss both Counts I and II as to RCO.

II. Count II of Plaintiffs' Complaint Does Not Specifically State Pecuniary Special Damages.

Count II of Plaintiffs' Complaint alleges defamation *per quod*. Under Illinois law, defamation *per quod* requires a pleaded, actual pecuniary loss. Federal Rule of Civil Procedure 9(g) requires special damages to be specifically stated. *Lott*, 556 F.3d at 568, 571–72. In a recent Illinois law appeal from this District, the Seventh Circuit rejected speculative lost income/job opportunity allegations lacking a concrete causal link to a lost opportunity. *Soloway*, No. 24-3104, slip op. at 22–26.

Here, Plaintiffs plead "diminished future prospects" for officiating, recording, endorsement, and sponsorship; "severe reputational harm"; and unspecified injury to their business. Compl. ¶¶ 32–34, 43, 49–50. The prayer for relief estimates defamation damages above $100,000, but does not identify a lost contract, customer, engagement, fee, or other realized financial loss tied to an identified communication. Compl. at 13.

Prospective opportunities and reputational injury cannot themselves be the specifically stated pecuniary special damages required for the defamation *per quod* count. Count II of Plaintiffs' Complaint should be dismissed as to Gharavi and RCO.

III. The Copyright Remedies Requested Are Broader Than the Statute Permits on the Pleaded Dates and Unit Of Recovery.

Section 412 of the Copyright Act prohibits an award of statutory damages and attorney's fees for any infringement of a copyright in an unpublished work commenced before the effective registration date. It also withholds those remedies when infringement of a published work commenced after publication but before registration, unless registration occurred within three months of first publication (subject to statutory exceptions not pleaded by Plaintiffs). 17 U.S.C. § 412. The Seventh Circuit treats the

timing issue as a defense to raise promptly, and the commencement date for each work is material. *Sullivan v. Flora, Inc.*, 936 F.3d 562, 571–72 (7th Cir. 2019).

For VA 2-486-833, the complaint itself says Eli's June 20, 2025 post copied an image within that registration. Compl. ¶ 20 & Ex. 3 (ECF No. 1-3 at 3); Ex. 2 (ECF No. 1-2 at 2). The photographs were published in November–December 2024 and registered effective January 6, 2026, well beyond the three-month grace period. On those pleaded facts, § 412(2) forecloses statutory damages and attorney's fees for infringement of the photograph that commenced with that June 2025 post, absent a properly pleaded statutory exception. Plaintiffs have failed to plead any such statutory exception.

Exhibit 2 also lists PAu 4-281-814 (an unpublished group) as registered effective August 4, 2025 and VA 2-504-863 (a photograph published September 10, 2025) as registered effective March 5, 2026. Compl. Ex. 2 (ECF No. 1-2 at 16, 19). The Court should apply § 412 to those registrations only if Plaintiffs identify an infringement of a particular work that commenced before the pertinent effective registration date and, for a published work, outside the statutory grace period. Plaintiffs have failed to make such a showing. The October 13, 2025 post alone does not show infringement of a particular registered photograph rather than a link or embed, and the May 2025 PAu registrations predate the June 2025 posts.

Separately, the prayer demands up to $150,000 "per each infringement," and paragraph 56 describes each post and repost as a separate infringement claim. Compl. ¶ 56 & at 13. But § 504(c)(1) measures statutory damages for *all infringements involved in the action with respect to any one work*, not per post, and § 504(c)(2)'s $150,000 ceiling requires proved willfulness and judicial discretion. 17 U.S.C. § 504(c)(1)–(2); *Sullivan*,

936 F.3d at 567–71. The number of registrations, screenshots, or reposts alone does not resolve the number of statutory "works." *Id.* The Court should dismiss or strike only the legally unavailable *per-post/repost measure* and reserve any per work determination for an adequate record.

CONCLUSION

Plaintiffs have failed to properly plead Counts I, II and III of their Complaint as argued above.

WHEREFORE, Defendant respectfully that the Court grant this motion and dismiss Count I of Plaintiff's Complaint as to Defendant RCO, Count II of Plaintiff's Complaint as to RCO and Gharavi, and dismiss Plaintiffs' claims for statutory damages and attorney's fees for the June 2025 alleged infringement of the VA 2-486-833 photograph under § 412, and rejecting Plaintiffs' claim to a right to a per post or per repost statutory damages measure under § 504(c).

Dated: September 28, 2026.

Respectfully submitted,

/s/ Erin K. Russell
Erin K. Russell
Attorney for Defendant David J. Eli
THE RUSSELL FIRM LLC
10 S. Riverside Plaza, Suite 875
Chicago, Illinois 60606
T: 312-994-2424
erin@russellfirmip.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 28, 2026, she filed this document via the Court's CM/ECF system, thereby serving all parties of record.

/s/ Erin K. Russell