**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. ELI,<br><br>Defendant. | Case No. 26-cv-07209<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Heather K. McShain** |

**JOINT INITIAL STATUS REPORT**

Pursuant to the Court's Order [21], Plaintiffs Nima Gharavi ("Nima") and Right Call Officials, Inc. ("RCO") (together "Plaintiffs") and Defendant David J. Eli ("Defendant") (collectively, the "Parties") submit the following joint status report.

**1. Nature of the Case**

**A. Identify the attorneys of record for each party, including the lead trial attorney.**

Plaintiffs: Jennifer V. Nacht (Lead Trial Attorney), Amy C. Ziegler (Lead Trial Attorney), Allyson M. Martin, and Justin T. Joseph from Greer, Burns & Crain, Ltd. in Chicago, Illinois.

Defendant: Erin Russell (Lead Trial Attorney) from The Russell Firm in Chicago, Illinois.

**B. Identify any parties that have not yet been served.**

All parties have been served.

**C. State the basis for federal jurisdiction.**

The Court has original subject matter jurisdiction over the copyright claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the defamation claims pursuant to 28 U.S.C. § 1367(a).

**D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff alleges claims for: defamation per se (Count I) under Illinois common law, defamation per quod (Count II, in the alternative to Count I) under Illinois common law, and copyright infringement pursuant to 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5) (Count III).

Defendant has not yet asserted any counterclaims.

**E. State the major legal and factual issues in the case.**

Whether Defendant's statements regarding Plaintiffs in his social media posts published between June 20, 2025, and October 13, 2025, on X (formerly Twitter) constitute defamation per se under Illinois law or, in the alternative, constitute defamation per quod under Illinois law. Whether Defendant's publication of Plaintiff's federally registered copyrighted works identified in Paragraph 13 of the Complaint [1] (the "Copyrighted Works") in the relevant social media posts constitutes willful copyright infringement under 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5). Whether Plaintiff is entitled to statutory damages for each of the alleged infringments.

**F. Describe the relief sought.**

Plaintiffs request that, as a direct and proximate result of Defendant's defamatory statements, Defendant account for and pay to Plaintiffs damages in an amount to be determined at trial, but estimated to be well in excess of $100,000, and separately, punitive damages as a direct and proximate result of Defendant's defamatory statements.

Plaintiffs further request that, as a direct and proximate result of Defendant's infringement of the Copyrighted Works Plaintiffs are entitled to damages as well as Defendant's profits, pursuant to 17 U.S.C. § 504(b). Alternatively, and at Plaintiffs' election prior to any final judgment being entered, Plaintiffs request the maximum amount of statutory damages provided by law, $150,000

per each infringement, pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c) for willful copyright infringement.

Plaintiffs request entry of an Order that Defendant be permanently enjoined and restrained from: publishing false statements about Plaintiffs, reproducing, distributing copies of, making derivative works of, or publicly displaying the Copyrighted Works in any manner without the express authorization of Plaintiffs, and further infringing the Copyrighted Works and damaging Plaintiffs' goodwill. Plaintiffs also request reasonable attorneys' fees and costs for bringing this action pursuant to 17 U.S.C. § 505, and any other relief the Court deems just and proper.

Defendant has not yet asserted any counterclaims or requested any relief.

**2. Case Plan**

**A. Identify all pending motions.**

Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [22] is pending before the Court. Pursuant to the Court's Standing Order regarding Motion Practice, the Parties submitted a proposed briefing schedule on the Motion to Dismiss [22] to the Courtroom Deputy on September 30, 2026.

**B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

Defendant has responded to the Complaint [1] by filing a Motion to Dismiss [22].

**C. Submit a proposal for a discovery plan, including the following information:**

i. the general type of discovery needed.

The Parties anticipate the need for written discovery, including document production, and depositions of fact witnesses including the Defendant. Defendant anticipates the deposition of Plaintiff and any other fact witnesses identified during written discovery, if any.

ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced.

The Parties anticipate discovery will encompass electronically stored information (ESI). The Parties do not anticipate any issues regarding disclosure or discovery of ESI at this time.

iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d).

The Parties do not anticipate any issues or agreements regarding claims of privilege or protection of trial preparation materials.

iv. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made.

October 13, 2026.

v. the date by which the parties will complete fact discovery.

April 13, 2027, pending the resolution of the Motion to Dismiss [22].

vi. whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed.

The Parties will review whether expert discovery is needed during fact discovery. The Parties request leave to move for entry of an expert discovery schedule near the close of fact discovery should the need for expert discovery arise.

vii. what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted.

The Parties do not anticipate any changes at this time.

viii. the date by which the parties must file any dispositive motions.

Assuming no expert discovery is needed, the Parties agree to a dispositive motion filing deadline of June 28, 2027, two months from the close of fact discovery. This date is subject to change pending resolution of the Motion to Dismiss [22].

**D. State whether there has been a jury demand and the estimated length of the trial.**

Plaintiffs requested a jury trial. The Parties anticipate the estimated length of a trial to be between 2-5 days.

**3. <u>Settlement</u>**

**A. State whether any settlement discussions have occurred and describe the status of any such discussions.**

Limited settlement discussions have occurred. The Parties do not anticipate settlement will be reached prior to engaging in written discovery.

**B. State whether the parties believe that a settlement conference would be productive at this time.**

The Parties do not believe a settlement conference would be productive at this time. However, the Parties may revisit the potential for a settlement conference at the close of discovery.

**4. <u>Consent to Proceed Before a Magistrate Judge</u>**

**A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.**

The Parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes. The Parties do not unanimously consent to proceed before the assigned Magistrate Judge.

Dated this 30th day of September 2026.

Respectfully submitted,

/s/ Jennifer V. Nacht
Amy C. Ziegler
Allyson Martin
Jennifer V. Nacht
Justin T. Joseph
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
amartin@gbc.law
jnacht@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiffs*
*Nima Gharavi and Right Call Officials, Inc.*

/s/ Erin K. Russell
Erin K. Russell
Attorney for Defendant David J. Eli
THE RUSSELL FIRM LLC
10 S. Riverside Plaza, Suite 875
Chicago, Illinois 60606
T: 312-994-2424
erin@russellfirmip.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Jennifer V. Nacht
Amy C. Ziegler
Allyson Martin
Jennifer V. Nacht
Justin T. Joseph
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
amartin@gbc.law
jnacht@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiffs*
*Nima Gharavi and Right Call Officials, Inc.*