**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID J. ELI,<br><br>Defendant. | Case No. 26-cv-07209<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) [22]**

Plaintiffs Nima Gharavi ("Nima") and Right Call Officials, Inc. ("RCO") (together, "Plaintiffs") submit this Response in Opposition to Defendant David J. Eli's ("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [22] (the "Motion").

Plaintiffs' Complaint properly pled claims of defamation per se under Illinois law as to both Nima and RCO.[1] The well-pleaded Complaint also identifies Plaintiffs' pecuniary loss based on the limited information available to Plaintiffs at this stage in the case. Finally, Defendant's request to dismiss or strike Plaintiffs' remedies for copyright infringement is premature and should not be resolved at the motion to dismiss stage. Accordingly, Defendant's Motion should be denied.

## BACKGROUND

Plaintiff Nima Gharavi is a registered wrestling official and videographer domiciled in Chicago, Illinois. [1] at ¶¶ 5-6, 11-12. Beginning in 2018, Nima began posting videos and

[1] Defendant argues that Plaintiffs did not plead a cause of action of defamation per se as to RCO only; Defendant did not argue that Plaintiffs have not stated a valid claim for defamation per se as to Plaintiff Nima Gharavi. *See generally* [22]. Accordingly, Defendant has waived any such argument. *See United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006).

photographs of wrestling matches on the Midwest Wrestle YouTube channel, youtube.com/MidwestWrestle, and Midwest Wrestle social media accounts. *Id.* at ¶ 11. The Midwest Wrestle YouTube channel has a substantial following – as of June 12, 2026, the channel has 184,000 subscribers and 138,999,990 views. *Id.* at ¶ 12. The Midwest Wrestle social media accounts also have substantial followings as well. *Id.* Nima conducts his media operations, including the commercial operation of the Midwest Wrestle YouTube channel and social media accounts, through Plaintiff Right Call Officials, Inc. ("RCO"), an Illinois S corporation. *Id.* at ¶ 6.

As alleged in the Complaint, upon information and belief, Defendant posted numerous defamatory and inflammatory accusations online through at least two X (formerly Twitter) accounts, @POTUS_Wrestling and @WellHungFerrari. *Id.* at ¶¶ 17-19. Defendant posted the defamatory statements anonymously using different aliases. *See id.* at ¶ 17; [1-3] at 3; [1-6] at 3.

Defendant's defamatory statements targeted Nima as an individual and accused him of, among other things, being "'a pedophile,' 'a pedo,' or an individual engaged in 'pedophilic acts,'" and "trying to fuck kids." [1] at ¶ 19. Defendant also directed defamatory accusations towards the Midwest Wrestle YouTube channel. Specifically, Defendant claimed that the Midwest Wrestle YouTube channel published videos of minors "with their [genitals] accentuated" or otherwise edited with sexually predatory intent. *See id.*; *see, e.g.,* [1-6] at 3-4.

Defendant's defamatory statements regarding Plaintiffs were viewed by thousands of people online. One X post where Defendant called Nima "a pedophile" accumulated at least 17,000 views. *See* [1] at ¶ 20; [1-3]. Another X post, in which Defendant insinuated the way Midwest Wrestle YouTube channel labeled and organized videos of high school wrestling matches was inappropriate and "incredibly weird," reached at least 29,000 views. [1-5] at 3-4.

The Complaint brings three Counts against Defendant: Count I, defamation per se under Illinois law, Count II, defamation per quod in the alternative to Count I, also under Illinois law, and Count III, copyright infringement pursuant to 17 U.S.C. § 501. [1] at 9-13. Defendant's Motion argues that Counts I and II should be dismissed as to RCO because Plaintiffs have not pleaded a distinct defamatory action as to RCO specifically. *See* [22] at 3. Defendant also argues that Count II should be dismissed as to both Plaintiffs because the Complaint does not identify a pecuniary loss. *See id*. at 4. Finally, Defendant requests the Court dismiss, strike, and limit Plaintiffs' request for statutory damages for copyright infringement. *See id*. at 5-6.

For the reasons provided below, Defendant's Motion should be denied.

## **ARGUMENT**

### I. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The movant bears the burden of establishing a complaint is insufficient. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). Defendant "must overcome a high barrier to prevail under Rule 12(b)(6)." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1040 (7th Cir. 1987).

The Court must construe the Complaint in the light most favorable to Plaintiffs, accept Plaintiffs' allegations as true, and make all inferences in Plaintiffs' favor. *Hernandez v. Illinois Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023). Additionally, the Court "must consider not only 'the complaint itself,' but also 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

Rule 8(a)(2)'s notice pleading standard only requires a short and plain statement of the claim to give Defendant fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555; *see Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918 (7th Cir. 2003) (holding that plaintiff's "claim for defamation *per se* [under Illinois state law] does not fall under the special pleading regime of Rule 9, and thus he is entitled to the usual rules for notice pleading established by Rule 8.").

## II. THE COMPLAINT PLEADS A CAUSE OF ACTION OF DEFAMATION AS TO RCO

Defendant argues that the Complaint does not plead a distinct cause of action as to RCO. *See* [22] at 2-3. Defendant also argues that because a corporate entity cannot have human traits or commit sexual acts, Defendant's statements cannot defame RCO. *Id*. at 3.

Defendant's arguments are meritless. The Complaint identifies defamatory accusations directed at the operator of the Midwest Wrestle YouTube channel, which is RCO. The Complaint also includes screenshots of these statements as exhibits. Defendant does not provide any authority for its argument that the standards for pleading defamation are different for an entity versus an individual. Additionally, Defendant's own defamatory statements assigned human traits and sexual acts to RCO, a corporate entity, so Defendant's suggestion Counts I and II be dismissed on that basis is nonsensical.

### A. Plaintiffs Have Alleged Defamatory Statements Directed to RCO

"[T]he Seventh Circuit has rejected the proposition that 'the standards for proof of defamation are different for corporations than for other plaintiffs,' and instead has explained that '[Illinois] cases treat corporate plaintiffs just like individuals.'" *Kozlowski v. Greenridge Farm, Inc.*, 338 F. Supp. 3d 828, 837 (N.D. Ill. 2018) (quoting *Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 269 (7th Cir. 1983)).

Statements which constitute defamation per se under Illinois law to corporate plaintiffs include "statements imputing the commission of a criminal offense; statements imputing inability to perform or want of integrity in the discharge of duties of office or employment; or statements prejudicing a particular party in its profession or trade." *Chi. Conservation Ctr. v. Frey*, 40 F. App'x 251, 255 (7th Cir. 2002). Statements imputing inability to perform a job "imply some sort of on-the-job malfeasance" while statements imputing prejudice in its profession "cover[] suitability for a trade or profession." *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 613 (7th Cir. 2013). To constitute defamation per se, the statements "must assail a corporation's financial or business methods or accuse it of fraud or mismanagement." *Chi. Conservation Ctr.*, 40 F. App'x at 255 (quoting *Am. Int'l Hosp. v. Chicago Tribune Co*., 136 Ill. App. 3d 1019, 483 N.E.2d 965, 969, 91 Ill. Dec. 479 (Ill. App. Ct. 1985).

As alleged in the Complaint, Defendant claims the videos published on the Midwest Wrestle YouTube channel were edited to accentuate the genitalia of minors in a sexually predatory manner. *See* [1] at ¶ 19. For example, as shown in Exhibit 6 to the Complaint, in one X thread, Defendant posted a screenshot of a video from the Midwest Wrestle YouTube channel and said, "19,000 views on a video of kids with their parts accentuated" and then stated in the same thread "[b]y the way, if you didn't know-- @Midwest_wrestle is a fucking pedo piece of shit." [1-6] at 3, 5; *see also* [1-5] at 3.

Defendant's statements are clearly targeted to the operator of the Midwest Wrestle YouTube channel, and the Complaint clearly identifies that RCO operates the Midwest Wrestle YouTube channel and social media accounts. *See* [1] at ¶ 6. As such, Defendant's statements prejudice and assail RCO in its profession as a wrestling media company and its business methods of editing and publishing wrestling videos. *See Muzikowski*, 322 F.3d at 926 ("As a matter of

substantive Illinois law, alleging or implying that a person is not a legitimate member of her profession is defamatory *per se.*") (citing *Lowe v. Rockford Newspaper, Inc*., 179 Ill. App. 3d 592, 534 N.E.2d 549, 553, 128 Ill. Dec. 367 (Ill. App. Ct. 1989) (holding that defamation action was pled against newspaper that published article with the "implication [was] that [an] auto repossessor is really just a car thief.")). These statements also "imply some sort of on-the-job malfeasance." *See Pippen,* 734 F.3d at 613. Specifically, Defendant is saying that RCO is publishing videos that have been edited in a sexually predatory manner. These statements also imply that RCO has committed a felony under Illinois law. See 720 ILCS 5/11-20.4(b)(1)-(2) ("A person commits obscene depiction of a purported child when, with knowledge of the nature or content thereof, the person . . . receives, obtains, or accesses in any way with the intent to view, any obscene depiction of a purported child. . . [or] reproduces, disseminates, offers to disseminate, exhibits, or possesses with intent to disseminate, any obscene depiction of a purported child.").

**B. Defendant's Arguments Regarding RCO are Meritless**

The Motion claims that Defendant's statements and accusations directed towards Midwest Wrestle (either the Midwest Wrestle YouTube channel or social media accounts) do not identify a false factual assertion about RCO. *See* [22] at 3. Defendant's Motion also argues that because a corporation cannot have the "trait" of being a pedophile, or engage in pedophilic acts, Counts I and II should be dismissed as to RCO. *See id.* Both arguments are meritless.

As discussed above, the Complaint alleged that several of the defamatory accusations are directed at the operator of Midwest Wrestle YouTube channel. The Complaint clearly pled that "the commercial operation of the Midwest Wrestle YouTube channel, youtube.com/MidwestWrestle, and Midwest Wrestle social media accounts" are conducted through RCO. [1] at ¶ 6. The Motion argues, without support, that Illinois law requires Defendant to have made a defamatory statement about the corporate entity RCO by name. *See id*. [22] at 2-

3. However, Defendant's defamatory statements targeting the operator of the Midwest Wrestle YouTube channel refer to RCO and are, therefore, actionable. *See Stevens v. Tillman*, 855 F.2d 394, 397 (7th Cir. 1988) (citing *Chapski v. Copley Press*, 92 Ill. 2d 344, 442 N.E.2d 195, 65 Ill. Dec. 884 (1982)) ("Under Illinois law statements that reasonably may be read as referring to someone other than the plaintiff are not actionable," but "[a] statement that logically refers to a particular person may be actionable."). Additionally, "there is no requirement that a corporation be identified by its corporate name for it to be defamed." *DESNICK v. Am. Broad. Co.*, 1996 U.S. Dist. LEXIS 4914, at *11 (N.D. Ill. Apr. 16, 1996) (citing *Brown & Williamson Tobacco Corp. v. Jacobson*, 644 F. Supp. 1240, 1246 (N.D. Ill. 1986)) (holding that a television news broadcast was about the plaintiff, a cigarette manufacturer, "even though its corporate name never was mentioned in the broadcast" because the broadcast referred to one of the manufacturer's cigarette brands and viewers reasonably understood the statement to refer to the cigarette manufacturer)).

Defendant's other argument is that RCO cannot be defamed by Defendant's statements because a corporation cannot be a pedophile or commit sexual acts. *See* [22] at 3. However, as discussed above, the Complaint alleges that Defendant accused Plaintiffs of editing and publishing videos of minors online that have been edited with sexually predatory intent. See *Brown & Williamson*, 713 F.2d at 269 ("A corporation cannot have a reputation for chastity but it can have a reputation for adhering to the moral standards of the community in which it sells its products and if that reputation is assailed in a fashion likely to harm the corporation seriously the corporation has been libeled under Illinois law."). Regardless, Defendant's own statements have ascribed human traits and sexual acts to RCO despite it being a corporate entity. For example, in one post, Defendant stated that "[i]n my personally [sic] opinion though I think Midwest Wrestle should get fucked by a cactus[.]" [1-3] at 39.

The Complaint sufficiently pled a distinct cause of action for defamation per se as to RCO, and Defendant's arguments requesting Counts I-II be dismissed as to RCO are meritless and should be denied.

## III. THE COMPLAINT PLEADS A CAUSE OF ACTION OF DEFAMATION PER QUOD AS TO BOTH PLAINTIFFS

The Complaint pled defamation per quod, Count II, *in the alternative* to Count I in the event the Court determines that Plaintiffs failed to plead an action of defamation per se. *See* [1] at 10. Accordingly, Count II should only be dismissed if the Court determines Plaintiffs pled a cause of action for defamation per se such that the per quod claim is "redundant and unnecessary." *See Bryson v. News Am. Publ'ns*, 174 Ill. 2d 77, 104 (1996).

In any event, the well-pleaded Complaint identified pecuniary losses based on the limited information available to Plaintiffs at this stage in the case, especially given that Defendant's defamatory accusations were made anonymously. However, should the Court find that Defendant's statements do not fall within one of the per se categories, and Plaintiffs have not sufficiently pled a defamation per quod claim, Plaintiffs request leave to amend the Complaint to plead additional extrinsic facts as necessary. *See* Fed. R. Civ. P. 15(a)(2).

### A. The Complaint Pleads Defamation Per Quod in the Alternative to Defamation Per Se

Under Illinois law, there are two common law claims of defamation: defamation per se or defamation per quod. *Jones v. Heartland Emp't Servs., LLC*, 721 F. App'x 547, 548 (7th Cir. 2018). Statements that are defamatory per se are "so egregious that they are actionable without proof of injury," while statements that are defamatory per quod "require[] a plaintiff to show reputational harm from the statements." *Id*. (citing *Pippen*, 734 F.3d at 612-13).

To succeed under a per se claim, the statements *must* "fit into one of the limited categories of statements or imputations," which include "(1) commission of a criminal offense; (2) infection

with a venereal disease; (3) inability to perform or want of integrity in the discharge of duties of public office; (4) fornication or adultery; or (5) words that prejudice a party in her trade, profession, or business." *Muzikowski*, 322 F.3d at 924. As provided in the Complaint, Defendant's statements and accusations regarding Nima fall within categories (1), (4), and (5). *See* [1] at ¶¶ 17-20. As discussed *supra*, Defendant's statements and accusations regarding RCO fall within the three per se categories for corporate entities under Illinois law.

However, in the event that the Court determines that "the defamatory character of [Defendant's] statement[s] is not apparent on its face" or that Defendant's statements were "defamatory on its face, but do[] not fall within one of the limited categories of statements that are actionable per se," Plaintiffs brought Count II in the alternative to Count I against Defendant. *Bryson*, 174 Ill. at 103. As such, Count II "simply restate[s] the allegations" in Count I. *Id.* at 104. Accordingly, Count II should only be dismissed if the Court determines Plaintiffs pled a cause of action for defamation per se such that the per quod claim is "redundant and unnecessary." *Id.*

### B. The Complaint Sufficiently Identifies Pecuniary Loss Based on the Limited Information Available to Plaintiffs

As discussed above, Defendant posted defamatory and inflammatory accusations regarding Plaintiffs anonymously online using aliases. [1] at ¶¶ 17-19; [1-3] at 3; [1-6] at 3. Upon information and belief, Defendant may have made other defamatory statements using one or more social media accounts unknown to Plaintiffs at this time. [1] at ¶ 17. As such, the full scope of Plaintiffs injury as a result of Defendant's conduct is unknown.

Despite this, Plaintiffs have submitted evidence that Defendant's defamatory and inflammatory X posts were widely disseminated online and seen by members of the wrestling community. *See id.* at ¶ 20; [1-3]; [1-5] at 3-4. As shown in Exhibit 3 to the Complaint, one of Defendant's posts (which accumulated at least 17,000 views) reached a wrestler who was in a

video published on the Midwest Wrestle YouTube channel. [1-3] at 3-4, 7-8. As shown in Exhibit 5 to the Complaint, another one of Defendant's posts (which had at least 29,000 views) was viewed by another wrestler who was in a different video published on the Midwest Wrestle YouTube channel. [1-5] at 4-5 ("that's literally me on the front page of the 125-126 lb weight class[.]"). There is also evidence Defendant may have communicated defamatory accusations regarding Plaintiffs privately to other members of the wrestling community. As shown in Exhibit 4 to the Complaint, Defendant posted screenshots of messages with an unnamed individual on the "lore" of Plaintiffs. *See* [1-4] at 9. Despite Defendant posting the defamatory accusations anonymously, Plaintiffs have presented evidence of far reach of Defendant's statements within the wrestling community, which likely includes individuals or entities that grant media credentials for videotaping wrestling matches or offer contracts to officiate wrestling matches.

The Complaint pled that "Plaintiffs have suffered diminished future prospects for officiating, recording, endorsement, and sponsorship opportunities for wrestling matches," "severe reputational harm in their peer community and professional community," and "been exposed to public hatred, contempt, ridicule, harassment, and/or threats of physical harm causing severe and extreme injury to Nima's emotional, physical, and social wellbeing both now and in the future." [1] at ¶¶ 32-34. Accordingly, Plaintiffs have sufficiently alleged their injuries and damages given the limited information available at this stage in the case, especially considering Defendant made his defamatory accusations anonymously.

## IV. DEFENDANT'S REQUEST TO DISMISS OR STRIKE PLAINTIFFS' REQUESTED DAMAGES IS INAPPROPRIATE AND PREMATURE

Defendant's Motion requests the Court strike or dismiss Plaintiffs' request for statutory damages for works infringed before the effective registration date pursuant to 17 U.S.C. § 412. [22] at 5-6. The Motion also asks the Court to "dismiss or strike only the legally unavailable *per-*

*post/repost measure* and reserve any per work determination for an adequate record." *Id*. Both requests are inappropriate for a Rule 12(b)(6) motion and should be denied on that basis alone. Additionally, both requests are premature at this stage in the case since the scope of Defendant's copyright infringement is unknown.

**A. Rule 12(b)(6) is Not a Vehicle to Dismiss or Strike Requested Damages**

As a preliminary matter, a Rule 12(b)(6) Motion should be used to challenge as to whether plaintiff sufficiently "state[d] a claim to relief that is plausible on its face." *Paradigm Care & Enrichment Ctr., LLC v. W. Bend Mut. Ins. Co*., 33 F.4th 417, 420 (7th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Seventh Circuit has also explained that "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317 (7th Cir. 2015) (emphasis original). Further, a demand for relief "is not itself a part of the plaintiff's claim," so seeking relief to which a plaintiff is not entitled "would not justify dismissal of the suit." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002).

Plaintiffs' Complaint pleads a cause of action for copyright infringement. [1] at 11-13. The Copyright Act allows for a plaintiff to either recover actual damages plus any additional profits, or statutory damages. 17 U.S.C. § 504(a). Specifically, "the copyright owner may elect, *at any time* before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages" of up to $30,000 for each work infringed, which may be increased to $150,000 if Defendant is found to have willfully infringed. *See* 17 U.S.C. § 504(c). Accordingly, Plaintiffs' prayer for relief requests actual damages and any additional profits, or "[a]lternatively, and at Plaintiffs' election prior to any final judgment being entered . . . the maximum amount of statutory damages provided by law . . . ." [1] at 13.

In essence, "Defendant's motion asks the Court to preemptively decide that plaintiff's violation of the subsection does not meet the threshold for a [statutory] damages award." *See Godambe v. Women's Healthfirst, PLLC*, 2026 U.S. Dist. LEXIS 161713, at *8 (N.D. Ill. July 21, 2026). The statutory damages Plaintiffs requested "[are] not a separate claim, but rather a specific statutory remedy attached to plaintiff's single claim. Rule 12(b)(6) simply does not provide a mechanism for such a dismissal." *Id*. As such, any of Defendant's requests to limit, dismiss, or strike Plaintiffs' request for statutory damages pursuant to Rule 12(b)(6) should be denied.

While a Rule 12(f) motion[2] allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," many courts have found that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, 2021 U.S. Dist. LEXIS 36408, at *29 (N.D. Ill. Feb. 26, 2021) (quoting *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 974-75 (9th Cir. 2010)). Accordingly, the Court should not strike Plaintiffs' request for statutory damages.

### B. Defendant's Requests to Dismiss or Strike are Premature and Should be Resolved on the Merits

Even if the Court interprets Defendant's Motion as a Rule 12(f) Motion and finds that Rule 12(f) authorizes courts to strike requests for damages, the Court should still deny Defendant's request because the "better approach is to address the demand for [statutory] damages head-on, on the merits." *See Hamilton*, 2021 U.S. Dist. LEXIS 36408, at *29.

When another court in this district was presented with a motion to dismiss or strike the plaintiff's request for statutory damages and attorney's fees under the Copyright Act because they

---

[2] Defendant's Motion is a Rule 12(b)(6) motion, not a Rule 12(f) motion, although it requests Plaintiffs' request for damages to be stricken in the alternative to being dismissed. *See* [22] at 6.

may be unavailable as a matter of law, that court "conclude[d] that this is not the right time to consider whether [plaintiff] may be entitled to the remedies Defendants ask the Court to dismiss . . . [because] [t]he better approach, in the Court's view, is to address [plaintiff's] potential entitlement to the challenged remedies on an evidentiary record, not allegations." *Roadget Bus. Pte. Ltd. v. Individuals, Corp., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2024 U.S. Dist. LEXIS 119991, at *16-17 (N.D. Ill. July 9, 2024).

As provided in the Complaint, Defendant committed his acts of infringement online anonymously using at least the aliases "Presidential Wrestling Club RTC" and "Carmine Ferrari." *See* [1] at ¶ 16, [1-3] at 3, [1-6] at 3. Plaintiffs also pled that "there are potentially more social media accounts used by Defendant that are unknown to Plaintiffs." [1] at ¶ 17. Accordingly, "dismissing these demands now would not impact the scope of discovery. With or without its requests for these remedies, [Plaintiffs] will seek to learn when any infringement began, and the circumstances and scope of the infringement." *Roadget*, 2024 U.S. Dist. LEXIS 119991 at *17.

Additionally, the full scope of Defendant's copyright infringement is unknown. Discovery may reveal additional acts of copyright infringement that occurred after the effective registration date of the registered copyrighted works. Accordingly, it is better to resolve the issues of damages on the merits later in the case because "if the Court dismisse[s] the claims for these remedies but discovery turned up evidence to support them" then Plaintiffs would "seek leave to amend its complaint, which the Court would be inclined to grant." *Roadget*, 2024 U.S. Dist. LEXIS 119991 at *17; *see also Southall v. Force Partners, LLC*, 2021 U.S. Dist. LEXIS 164680, at *9-10 (N.D. Ill. Aug. 31, 2021).

In any event, Plaintiffs pled that at least one of Defendant's infringing acts, an X post that included an unauthorized reproduction[3] of PAu 4-281-814, occurred on October 13, 2025, which was after the effective date of registration (Aug. 4, 2025) of PAu 4-281-814. [1] at ¶¶ 18, 53, 55; [17] at 16-17; [1-6] at 3. Thus, at minimum, Defendant cannot argue that statutory damages are categorically unavailable for all of Defendant's alleged acts of infringement. *See* 17 U.S.C. § 504(c).

## CONCLUSION

The Complaint sufficiently pleads a cause of action of defamation per se as to both Plaintiffs. Defendant's defamatory accusations regarding the editing and publication of videos on the Midwest Wrestle YouTube channel are directed at the operator of the Midwest Wrestle YouTube channel. The Complaint alleges that RCO operates the Midwest Wrestle YouTube channel.

The Complaint pleads defamation per quod in the alternative to defamation per se, and sufficiently identified pecuniary losses based on the limited information available to Plaintiffs at this stage in the case. This is particularly true given that Defendant's defamatory accusations were made anonymously. If the Court finds that Defendant's statements do not fall within one of the per se categories, and Plaintiffs have not sufficiently pled a defamation per quod claim, Plaintiffs request leave to amend the Complaint.

Finally, limiting, dismissing, or striking any of Plaintiffs requested relief for copyright infringement would be premature at this stage and should be resolved on the merits. For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion.

---

[3] Defendant argues that the post "does not show a photograph" but is instead "a link or embed." [22] at 5. However, as shown in Exhibit 6 to the Complaint, the Oct. 13, 2025, post is clearly a screenshot of PAu 4-281-814. [1-6] at 3. *See* 17 U.S.C § 106(5) (a copyright owner has the exclusive right to display "the individual images of a motion picture or other audiovisual work . . . .").

Dated this 29th day of October 2026.

Respectfully submitted,

/s/ Jennifer V. Nacht

Amy C. Ziegler
Allyson Martin
Jennifer V. Nacht
Justin T. Joseph
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
amartin@gbc.law
jnacht@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiffs*
*Nima Gharavi and Right Call Officials, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Jennifer V. Nacht
Amy C. Ziegler
Allyson Martin
Jennifer V. Nacht
Justin T. Joseph
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
amartin@gbc.law
jnacht@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiffs*
*Nima Gharavi and Right Call Officials, Inc.*