IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIMA GHARAVI and RIGHT CALL OFFICIALS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case Number: 1:26-cv-7209 |
| | ) | |
| DAVID J. ELI, | ) | Hon Andrea R. Wood |
| | ) | Mag. Heather K. McShain |
| Defendant. | ) | |

**DEFENDANT DAVID J. ELI'S REPLY IN SUPPORT OF HIS PARTIAL MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs' opposition confirms why the challenged claims and remedies cannot stand. It substitutes an argument about corporate capacity for the actual question whether these statements assert defamatory facts about Right Call Officials, Inc. ("RCO"). It offers view counts where binding Seventh Circuit law requires specifically pleaded financial loss. And it defends copyright remedies on a broader premise than the motion advances: Eli does not contend that every registered work is ineligible for statutory damages, or that Count III must be dismissed in its entirety.

The Court should dismiss Counts I and II as to RCO and Count II as to both Plaintiffs. It should also enforce the limited copyright-remedies restrictions identified in the opening motion: the registration-timing bar for the photograph allegedly copied in June 2025 and the statutory prohibition on calculating damages by counting posts and reposts instead of works. Neither speculation about additional discovery nor a procedural objection supplies the missing special damages or enlarges the remedies Congress authorized.

## ARGUMENT

### I. PLAINTIFFS CANNOT TURN ACCUSATIONS ABOUT GHARAVI INTO A SEPARATE CORPORATE DEFAMATION CLAIM BY CHANGING THE LABEL.

Plaintiffs answer the wrong question. RCO's capacity to sue and the absence of its formal name from the posts do not establish that the publications assert defamatory facts about RCO. The Complaint must connect the challenged accusations to the corporate plaintiff, not merely establish that Gharavi conducts business through it. The distinction matters because the Complaint repeatedly identifies Gharavi as the subject of the challenged accusations. Paragraph 17 describes accusations "aimed at Nima"; paragraph 19 introduces the challenged statements as accusations "made about Nima"; and paragraphs 40–42 describe assertions about Nima's fitness, conduct, and supposed sexual proclivities. Compl. ¶¶ 17, 19, 40–42. Replacing "Nima" with "Plaintiffs" in conclusory portions of the counts does not resolve the identification problem.

The opposition's own authorities preserve that inquiry. *Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262 (7th Cir. 1983), recognizes corporate defamation but separately asks whether the audience would understand the publication to refer to the corporate plaintiff. There, a broadcast attacked the cigarette manufacturer's advertising strategy—its supposed decision to entice children to smoke. The corporation's business conduct was the subject of the charge. The decision does not hold that every statement about a business's owner is independently actionable by the corporation through which that owner works.

Likewise, *Stevens v. Tillman*, 855 F.2d 394 (7th Cir. 1988), rejects an inflexible naming requirement; it does not eliminate the need to identify the subject of the statement. And *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918 (7th Cir. 2003), permitted a claim by an unnamed individual because detailed similarities plausibly connected the fictional character to

him. Those decisions require a contextual connection, not automatic equivalence between a social-media handle, the individual identified by that handle, and a separate corporation.

Here, the illustrative June post expressly identifies "Nima Gharavi (Illinois / Midwest Wrestle)." Compl. ¶ 20 & Ex. 3 at 3. The Complaint itself thus uses Midwest Wrestle as an identifier for Gharavi. RCO's commercial operation of the channel, Compl. ¶ 6, does not answer why readers would understand an accusation about the person behind the account as a separate factual accusation about RCO. The motion does not demand an additional publication unique to RCO; it demands a sufficient basis for treating the existing publications as defamation of RCO itself.

Plaintiffs try to supply the missing corporate accusation by recasting the posts as an attack on business methods. Resp. at 5–7. But the opposition's formulation—videos "edited in a sexually predatory manner"—must be tested against the actual language and context of the exhibits, not accepted as a substitute for them. The October post states that a video of children "with their parts accentuated" should settle "the debate singlet V. 2-piece debate." Compl. Ex. 6 at 3. That language expressly places the observation in a debate about wrestling attire. It does not expressly identify RCO, state that RCO doctored an image, or attribute a corporate editing policy to RCO. The separate epithet directed at @Midwest_wrestle is consistent with the Complaint's repeated identification of Gharavi as the human target. Id. at 5; Compl. ¶¶ 17–20. Joining those excerpts in the response does not establish that the particular corporate accusation Plaintiffs now articulate was communicated by the posts.

The decisive distinction is between an accusation against RCO and an accusation against Gharavi. Plaintiffs cannot eliminate that distinction merely by pointing to his corporate affiliation. *Brown & Williamson* makes that distinction consequential; it does not erase it. Nor

does the opposition's invocation of a criminal statute establish whom the statements concern. Resp. at 6. Assigning a legal label to the response's interpretation supplies no missing identification of RCO in the publications.

The cactus remark does not bridge the gap either. Resp. at 7 (citing Compl. Ex. 3 at 39). A crude wish about what should happen to "Midwest Wrestle" is not a factual statement that RCO committed a sexual act. Plaintiffs cannot use figurative invective as proof that the posts attributed literal human conduct to the corporation. The corporate claims must rest on actionable factual content about RCO, not on the opposition's literalization of an insult.

The Court can resolve the contextual identification issue at the pleading stage. *Lott v. Levitt*, 556 F.3d 564 (7th Cir. 2009), explains that accepting the words and underlying facts as pleaded does not require accepting a plaintiff's interpretation of those words. The recent decision in *Soloway v. ALM Global, LLC*, No. 24-3104 (7th Cir. Aug. 18, 2026), likewise applies Illinois's substantive contextual rules on a motion to dismiss. Eli seeks no ruling here on Gharavi's individual Count I claim. The requested ruling is confined to RCO's failure to plead its own actionable corporate defamation claim.

## II. COUNT II FAILS BECAUSE PLAINTIFFS IDENTIFY READERS, NOT REALIZED FINANCIAL LOSSES.

Plaintiffs' proposed rule would allow an "alternative" label to excuse a missing element. It cannot. Resp. at 8–9. A per-quod theory does not become sufficient merely because it is labeled an alternative. If Count I supplies presumed damages, that does not supply actual pecuniary loss for Count II; if Count I fails, Count II must still plead the financial injury necessary to sustain it.

*Muzikowski*—the case Plaintiffs invoke for ordinary notice pleading—demonstrates the distinction. The Seventh Circuit reinstated the per-se theory but affirmed dismissal of the per-

quod theory because the plaintiff had not itemized losses or specifically pleaded actual financial injury. 322 F.3d 918. *Lott* likewise rejects generalized reputational and monetary damage allegations, including references to job interviews that did not identify resulting pecuniary loss. 556 F.3d 564. Rule 9(g)'s specific-statement requirement therefore remains dispositive notwithstanding Plaintiffs' reliance on Rule 8 for a different theory.

*Soloway* is especially instructive. The plaintiff alleged unsuccessful recruiting contacts, recruiters' awareness of the challenged articles, and substantial claimed lost annual earnings. The Seventh Circuit nevertheless affirmed dismissal because the asserted causal connection to lost employment remained speculative. No. 24-3104, pt. II. Plaintiffs here allege less: "diminished future prospects" for officiating, recording, endorsement, and sponsorship, alongside reputational and personal injury. Compl. ¶¶ 32–34, 43, 49–50. They identify no realized loss of revenue, engagement, sponsorship, or other pecuniary benefit attributable to a challenged communication. The aggregate estimate in the prayer for relief does not supply that missing factual allegation.

The response's discussion of 17,000 and 29,000 views and comments by wrestlers concerns dissemination, not financial loss. Resp. at 9–10. A wrestler's recognition of a video does not establish that either Plaintiff lost money. Nor does the suggestion that the audience "likely includes" people who grant media credentials or officiating contracts identify a credential withheld, a contract lost, or a resulting financial injury. Id. at 10. Even crediting every additional factual assertion in the response, it describes the possibility of economic consequences, not an actual pecuniary loss.

Anonymity is no substitute for injury. Plaintiffs may not yet know every account or publication they attribute to Eli, but that uncertainty does not specifically state the financial loss either Plaintiff has sustained. The response repeats the allegations challenged by the motion and

asks discovery to supply the missing injury. Rule 9(g) does not contain an exception for widely circulated anonymous publications.

*Brown & Williamson* independently reinforces this point. Although the court allowed the corporation's per-se theory to proceed, it held that allegations about the natural tendency to decrease sales and threatened injury to advertising investments did not specifically state realized pecuniary harm. 713 F.2d 262. Plaintiffs cannot rely on that decision to support corporate defamation while disregarding its separate treatment of special damages.

Count II should therefore be dismissed as to both Plaintiffs, regardless of the disposition of Count I. Plaintiffs' fallback request for leave to amend is not a reason to sustain the deficient count. Resp. at 8, 14. If the Court permits amendment, any amended *per quod* claim must specifically identify actual financial injury and its causal connection to the challenged statements; adding "extrinsic facts" about defamatory meaning alone would not cure the defect addressed here.

## III. PLAINTIFFS CANNOT EVADE THE COPYRIGHT ACT'S EXPRESS LIMITS BY DISCUSSING A DIFFERENT WORK OR COUNTING REPOSTS.

### A. A POST-REGISTRATION USE OF A DIFFERENT WORK DOES NOT CURE THE TIMING DEFECT FOR THE JUNE PHOTOGRAPH.

The opening motion identifies one concrete timing defect: the photograph within VA 2-486-833 allegedly reproduced in the June 20, 2025 post. Mot. at 5–6; Compl. ¶ 20 & Ex. 3 at 3. The attached certificate identifies publication between November 10 and December 1, 2024, and an effective registration date of January 6, 2026. Compl. Ex. 2 at 2–3. Thus the alleged June infringement occurred after publication and before registration, and registration occurred outside the three-month publication grace period.

Section 412(2) bars statutory damages and attorney's fees for infringement commenced under those circumstances. The motion does not ask Plaintiffs to negate an affirmative defense in every copyright complaint. It relies on the specific dates Plaintiffs supplied in this Complaint and its incorporated certificate. No pleaded fact identified in the opposition supplies a statutory exception for this photograph.

The October 13, 2025 post involving PAu 4-281-814 answers a different question. Resp. at 14 & n.3. An August 4, 2025 effective registration date for that audiovisual work does not change the registration date of the June photograph. The motion expressly treated the other registrations separately and recognized that some registration dates precede the alleged uses. Mot. at 5. Plaintiffs' argument against a categorical denial of statutory damages for all works attacks relief Eli did not request.

Nor need the Court decide here whether the October exhibit reflects a screenshot, a link, or an embed, or whether it infringes an exclusive right in an audiovisual work. Even accepting Plaintiffs' characterization for purposes of their response, that characterization does not restore statutory remedies for the different photograph allegedly infringed in June. A later-discovered account or use likewise cannot change the already pleaded chronology of that June act. The requested ruling should remain confined to the work and infringement for which the timing predicate appears on the face of the pleadings.

**B. SECTION 504 COUNTS WORKS, NOT SOCIAL-MEDIA POSTS.**

The Complaint alleges a separate infringement claim for each post and repost, then demands $150,000 "per each infringement." Compl. ¶ 56 & Prayer ¶ 5. Eli challenges the resulting per-post statutory-damages measure, not the proposition that repeated conduct may constitute repeated infringing acts. Section 504(c)(1) authorizes a statutory award for all

infringements in the action with respect to one work; subsection (c)(2) permits an increase up to $150,000 upon the required showing of willfulness. Neither provision multiplies the statutory ceiling simply because the same work appears in additional posts.

*Sullivan v. Flora, Inc.*, 936 F.3d 562 (7th Cir. 2019), directs the inquiry to the number of works rather than the number of infringements, and requires attention to whether registered material has standalone economic value or forms a compilation. The relevant legal question is straightforward: additional posts are not additional works. The ultimate count of qualifying works and any willfulness determination are separate inquiries; neither permits Plaintiffs to multiply statutory awards by reposting the same work. The opposition never explains how such a multiplier could be reconciled with the statute.

**C. PROCEDURAL OBJECTIONS DO NOT ESTABLISH SUBSTANTIVE ELIGIBILITY FOR THE CHALLENGED REMEDIES.**

Plaintiffs rely on *BBL, Inc. v. City of Angola*, 809 F.3d 317 (7th Cir. 2015), and *Bontkowski v. Smith*, 305 F.3d 757 (7th Cir. 2002), for the limits of Rule 12(b)(6). Resp. at 11. Neither decision permits Plaintiffs to recover remedies the Copyright Act forbids. *BBL* addresses piecemeal adjudication of components of a surviving claim; *Bontkowski* explains why a deficient prayer does not justify dismissing a suit otherwise stating a claim. Eli's motion does not seek dismissal of the entire copyright count merely because Plaintiffs overstate the remedies.

The motion asks for a limited ruling on legal restrictions apparent from the pleaded dates and statutory text, alternatively requesting that the unavailable measure be stricken. Mot. at 5–6. In *Roadget Business Pte. Ltd. v. The Individuals*, No. 24 CV 607 (N.D. Ill. July 9, 2024), the court declined to resolve copyright remedies at the pleading stage based on the usefulness of an evidentiary record and case-management considerations; it did not hold that statutory eligibility

can never be addressed before trial or that Rule 12(f) categorically controls the outcome. Its discussion distinguishes evidentiary entitlement from legal availability.

That distinction favors resolving the narrow issues presented here. The June photograph's dates are supplied by Plaintiffs, and no factual inquiry can turn a post into the statutory unit of recovery. Discovery about other works may affect remedies for those works, but it does not answer either of these discrete objections. Plaintiffs' ability to elect statutory damages before final judgment under § 504(c) also remains subject to § 412 and the per-work rule; the timing of an election does not expand the remedies Congress authorized.

Eli has squarely presented the §§412 and 504 restrictions at the outset, and any procedural deferral must preserve those objections in full. *Sullivan* underscores the importance of timely raising the registration-timing defense. 936 F.3d 562. Reserving the procedural vehicle should not be confused with approving the Complaint's per-post formula or finding the June photograph eligible for statutory damages and fees. Eli maintains both objections and requests their resolution on the appropriate procedural record if the Court declines to resolve them now.

## CONCLUSION

Eli respectfully requests that the Court dismiss Counts I and II as to RCO and Count II as to Gharavi. Eli further requests that the Court reject the statutory-damages and attorney's-fee demand for the photograph within VA 2-486-833 allegedly infringed in June 2025, and reject any per-post or per-repost statutory-damages multiplier under § 504(c), reserving the number of qualifying works for an adequate record. Alternatively, any deferral of the copyright remedies issues should be without prejudice to Eli's expressly preserved statutory objections. The Court should grant the targeted relief requested in Eli's Motion to Dismiss.

Respectfully submitted,

/s/ Erin K. Russell
Erin K. Russell, Esq.
The Russell Firm LLC
10 S. Riverside Plaza, Suite 875
Chicago, IL 60606
T: 312-994-2424
erin@russellfirmip.com
Counsel to Defendant David J. Eli

CERTIFICATE OF SERVICE

This is to certify that on November 19, 2026, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

/s/ Erin K. Russell